UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL J. MOON, ) | Case Number 11-61112 |
| ) | |
| Debtor. ) | |
| ) | |
| W. CLARKSON MCDOW, JR., ) | |
| United States Trustee For Region Four, ) | |
| ) | |
| Movant, ) | |
| ) | |
| *v.* ) | |
| ) | |
| MICHAEL J. MOON, ) | |
| ) | |
| Respondent. ) | |

## MOTION TO DISMISS CASE FOR ABUSE

W. Clarkson McDow, Jr., United States Trustee for Region Four (the "United States Trustee"), by counsel, moves for the entry of an order dismissing the above-referenced Debtor's case pursuant to § 707(b)(1) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). In support of this motion, the United States Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are §§ 105(a), 707(b)(1), 707(b)(2), and 707(b)(3) of the Bankruptcy Code.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

BACKGROUND

4. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on April 28, 2011. The petition indicated that the Debtor's debts are primarily consumer debts. The petition, schedules, and statements filed by the Debtor pursuant to § 521 of the Bankruptcy Code are incorporated by reference.

5. May 31, 2011, was the first date set for the meeting of creditors.

6. The United States Trustee timely filed a statement pursuant to § 704(b)(1) of the Bankruptcy Code, which statement is incorporated by reference.

7. On June 23, 2011, an agent of the United States Trustee interviewed the Debtor regarding, among other things, certain deductions claimed on the Form 22A (the "Means Test") and Schedule J filed by the Debtor.

8. The Debtor is employed by Babcock & Wilcox Nuclear Operations Group Inc. as a QC Auditor, and has been for 10 years.

9. According to Schedule I, the Debtor has one dependent, a son, and his sole source of income is his employment. According to the Means Test, the Debtor has a household size of 3 and the applicable median family income is $73,260.00.

10. According to Schedule I, the Debtor's gross monthly income is $7,415.49, which annualized equals $88,985.88. According to the Means Test, the Debtor has an above-median current monthly income equal to $6,274.64 per month or $75,295.68 per year.

11. The Debtor's payment advices indicate that the Debtor received a gross amount of not less than $42,469.90 from his employer between October 1, 2010, and March 31, 2011 (the "Applicable Period"), which averages to $7,078.32 per month.

12. According to the Debtor's 2010 W-2 issued by his employer, he earned $80,526.64 in 2010.

13. According to the Debtor's 2010 federal tax return, he filed a joint return with his wife and they received a $4,850.00 federal tax refund for 2010. According to the Debtor's 2010 state tax return, he filed a joint return with his wife and they received a $275.00 state tax refund for 2010. According to the Debtor's 2009 federal tax return, he filed a joint return with his wife and they received a $4,815.00 federal tax refund for 2009. According to the Debtor's 2010 state tax return, he filed a joint return with his wife and they received a $365.00 state tax refund for 2010.

14. According to Schedule F, the Debtor owes $34,593.70 in unsecured debts.

15. According to Schedule B, the Debtor owns a 2004 Honda Pilot and, according to Schedule D, it is collateral for a $10,870.00 debt.

16. On line 25 of the Means Test, the Debtor claimed $1,568.49 deduction. According to the Debtor's payment advices, his employer withheld $10,958.03 for taxes during the Applicable Period, which averages to $1,825.34.

17. The Debtor has taxes over withheld by his employer. As a result, he receives large tax refunds as evidenced by the 2009 and 2010 tax returns. The Debtor should have reported not more than $1,398.26 on line 25 of the Means Test to account for and correct for the over withholding of taxes (the $5,125.00 in income tax refunds divided by 12 equals $427.08 per month, and $1,825.34 minus $427.08 equals $1,398.26).

18. The Debtor claimed a $4.76 deduction on line 27 of the Means Test for term life insurance for the Debtor.

19. According to the Debtor's payment advices, he paid an average of $2.72 per month for term life insurance for himself.

20. On line 31 of the Means Test, the Debtor claimed a $200.00 deduction for out of pocket health care expenses. The Debtor claimed a $300.00 deduction for out of pocket health care expenses on line 7 of Schedule J.

21. Assuming the Debtor spends $300.00 a month out of pocket on health care expenses, line 19B of the Means Test accounts for $180.00 of that expense and the balance of $120.00 would be deductible on line 31 of Means Test.

22. The Debtor claimed a $77.02 deduction on line 34 of the Means Test for health insurance.

23. According to the Debtor's payment advices, the Debtor paid a total of $1734.59 in medical, vision and dental premiums during the Applicable Period and $34.68 in disability insurance premiums during the Applicable Period. It appears the Debtor should have claimed a deduction of $289.10 on line 34(a) and $5.78 on line 34(b).

24. The Debtor did not claim a deduction on line 45 of the Means Test.

25. The Debtor should have claimed a deduction of approximately $59.24 on line 45 of the Means Test.

26. The total of all allowable deductions under § 707(b)(2) of the Bankruptcy Code does not exceed $6,387.65.

27. Even if the over withholding of taxes was not accounted for in the Means Test and the Debtor was allowed to deduct $1,825.34 on line 25 of the Means Test, the total of all allowable deductions on the Means Test, after reducing the deduction on line 45 of the Means Test to $25.50, would be $6,780.99.

28. No loss of income or calamity precipitated the filing of the Debtor's case.

29. No special circumstances justify additional expenses or adjustments to income.

30. According to Schedule J, the Debtor has $18.52 in monthly net income.

31. According to Schedule I, the Debtor is paying $356.89 towards a 401(k) loan.

32. According to Schedule J, the Debtor is paying $1,673.00 per month for his house. According to the chapter 13 plan filed in Case No. 10-61617, the monthly payment on the first deed of trust is $920.02, and the monthly payment on the second deed of trust is $752.00.

33. According to the Debtor, he has not paid the loans secured by the second deed of trust since December 2010 and the lender is not working with him.

34. According to the IRS, the Local Standard for housing in the Debtor's area is $757.00.

35. This is the Debtor's third bankruptcy case in less than 2 years.

36. The Debtor claimed an expense of $333.00 for electricity and heating fuel on Schedule J.

37. In both prior bankruptcy cases, the Debtor claimed an expense of $150.00 per month for electricity and heating fuel.

### BASIS FOR RELIEF

A. *Granting The Debtor A Discharge Is Presumptively Abusive Under § 707(b)(2) Of The Bankruptcy Code.*

38. In considering whether the granting of a discharge would be an abuse of the provisions of chapter 7 of the Bankruptcy Code, the Court:

> shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—

>   >   (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or
>   >   (II) $10,000.

11 U.S.C. § 707(b)(2)(A)(i).  Clauses (ii), (iii), and (iv) of § 707(b)(2)(A) set forth the allowable deductions that may be taken on the Form 22A.  11 U.S.C. § 707(b)(2).

39.    The granting of a chapter 7 discharge to the Debtor is presumptively abusive under § 707(b)(2) of the Bankruptcy Code.  The Debtor has underreported his income and claimed deductions that are inaccurate and/or that exceed allowable amounts including, but not limited to, deductions on lines 25, 27, 31, 34, and 45 of the Means Test.  The Debtor's current monthly income is $7,078.32.  The allowable expenses total $6,387.65.  Therefore, the Debtor should have reported monthly disposable income of $690.67 on the Means Test, and 60-month disposable income of $41,440.20 (which amount exceeds the unsecured claims).  As a result, the Debtor should have reported that the presumption of abuse arises in his case.

40.    Because of the presumption of abuse arises, the Debtor's case must be dismissed unless he voluntarily converts his case to one under chapter 11 or 13 of the Bankruptcy Code.

>   B.    *Even If No Presumption Of Abuse Arose, Granting The Debtor A Discharge Would Be An Abuse Of Chapter 7 Of The Bankruptcy Code Pursuant to 11 U.S.C. § 707(b)(3).*

41.    Section 707(b)(3) of the Bankruptcy Code states:

>   In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(i) of such paragraph does not arise or is rebutted, the court shall consider—
>
>   >   (A) whether the debtor filed the petition in bad faith; or
>   >   (B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

42. The totality of the circumstances of the Debtor's financial situation demonstrates that it would be an abuse of the provisions of chapter 7 of the Bankruptcy Code for the Debtor to receive a chapter 7 discharge. By way of example and not limitation, the Debtor: (i) has the ability to repay a substantial portion of his unsecured debts; (ii) has several claimed expenses on Schedule J that are unreasonable and/or excessive including, but not limited to, those listed on lines 1 and 3 of Schedule J; (iii) contributes $356.89 per month to a 401(k) loan, which amount could be paid to the creditors; (iv) could adjust his W-4 exemptions to account for the over withholding in taxes and increase his take home pay by about $400.00 per month, which could be paid to the creditors; (v) did not file his case as a result of some calamity or loss of income. If his Schedule J was properly adjusted, the Debtor should report more than $1,000.00 as his monthly net income on line 20(c) of Schedule J. Viewed under the totality of the circumstances of the Debtor's financial situation, the Court should dismiss the Debtor's case.

WHEREFORE, the United States Trustee, by counsel, respectfully requests the entry of an order dismissing the Debtor's case pursuant to § 707(b)(1) of the Bankruptcy Code unless the Debtor voluntarily converts his case.

Date: July 11, 2011

Respectfully submitted,

W. Clarkson McDow, Jr., United States Trustee
for Region Four

By: /s/ W. Joel Charboneau

Office of The United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
540-857-2699
joel.charboneau@usdoj.gov

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the United States Trustee has filed a *Motion To Dismiss Case Pursuant* (the "Motion"). A preliminary hearing on the Motion will be held on August 11, 2011, at 9:30 a.m. in the United States Bankruptcy Court, 1101 Court Street, Lynchburg, Virginia 24504. **If you do not want the Court to grant the relief requested in the Motion, then, pursuant to Local Rule 9013-1, you must file a response on or before August 4, 2011. Absent a timely filed response, a proposed order will be tendered to the Court dismissing the case unless a motion to convert is filed within 14 days of the entry of the dismissal order, and the Court may treat the Motion as conceded and enter the proposed order without the necessity of holding a hearing.**

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

## CERTIFICATE OF SERVICE

I certify that on July 11, 2011, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case. On this same date, I caused a copy to be served by first class mail on:

Michael J. Moon
4300 Lambs Church Road
Altavista, Virginia 24517

/s/ W. Joel Charboneau